UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WANCHAI MANN,<br><br>                       Plaintiff,<br><br>    -v-<br><br><br>KNOCKOUT RENOVATIONS SVS., INC., et al.,<br><br>                   Defendants. | CIVIL ACTION NO. 25 Civ. 1076 (RA) (SLC)<br><br>**ORDER** |

**SARAH L. CAVE,** United States Magistrate Judge.

On February 18, 2026, Kevin Scott Johnson, prior counsel for Defendant Keith Steier ("Mr. Steier") and Knockout Renovations Svs., Inc. ("Knockout") (together, "Defendants"), filed a notice of withdrawal as counsel for Defendants due to his disbarment.  (Dkt. No. 69 (the "Notice")).  In light of the Notice, on February 19, 2026, the Court ordered Mr. Steier to file a letter (the "Letter") updating the Court whether new counsel is representing him going forward or whether he intends to proceed pro se, and Knockout to appear through new counsel, by March 5, 2026.  (Dkt. No. 71).  The Court warned Knockout that, as a corporate entity, it must appear through counsel in this action and cannot proceed pro se.  (Dkt. No. 71 at 2).[1]

On March 6, 2026, Mr. Steier having not filed the Letter and Knockout having not appeared through new counsel, the Court sua sponte extended Defendants' respective deadlines to March 13, 2026.  (Dkt. No. 74).  Also on March 6, 2026, Plaintiff Wanchai Mann ("Plaintiff") filed a letter motion seeking (i) leave to move to strike Knockout's answer and for entry of default

---

[1] See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 202 (1993) ("a corporation may appear in the federal courts only through licensed counsel."); accord Kenyatta v. City of N.Y., No. 25 Civ. 2868 (KMW), 2025 WL 1984391, at *2 (S.D.N.Y. July 16, 2025).

against Knockout, and (i) for sanctions against Defendants. (Dkt. No. 73 (the "Motion")). Given the Court's sua sponte extension of Defendants' respective deadlines to March 13, 2026, the Court denied the Motion without prejudice. (Dkt. No. 76).

To date, Mr. Steier has still not filed the Letter and Knockout has still not appeared through new counsel, despite the Court's warnings that Knockout's failure to timely appear through new counsel may result in the Court permitting Plaintiff to initiate default proceedings against it. (Dkt. Nos. 71 at 2; 74). Accordingly, Plaintiff is **ORDERED** to request a certificate of default against Knockout from the Clerk of Court by **March 30, 2026**, and file a Motion for Default Judgment against Knockout in accordance with the Individual Practices of the Honorable Ronnie Abrams, Rule 55 of the Federal Rules of Civil Procedure, and S.D.N.Y. Local Rule 55 by **April 13, 2026.**

As for Mr. Steier, in the absence of the Letter or any appearance from new counsel on his behalf, the Court deems Mr. Steier as proceeding pro se in this action.

Further, the Court reminds all parties that they are required to appear at the telephone conference to discuss the status of discovery on **March 26, 2026, at 2:15 p.m. ET**. (Dkt. No. 65).

The Clerk of Court is respectfully directed to:

1. Designate Defendant Keith Steier as proceeding pro se on the docket, and revise his address to 810 2nd Avenue New York, New York 10017;

2. Terminate Kevin Scott Johnson as counsel for Knockout Renovations, Svs., Inc., and revise its address to 810 2nd Avenue New York, New York 10017;

3. Mail a copy of this Order to Defendant Keith Steier at 810 2nd Avenue New York, New York 10017;

4. Mail a copy of this Order to Defendant Knockout Renovation Svs., Inc. at 810 2nd
Avenue New York, New York 10017.

Dated:      New York, New York
            March 16, 2026

SO ORDERED.

SARAH L. CAVE
**United States Magistrate Judge**

3