## The Meyers Law Firm

30 Vesey Street, Suite 401
New York, New York 10007
(212) 252-1212
grm@themeyerslawfirm.com

**March 24, 2026**

**VIA ECF:**

Hon. Sarah L. Cave
Magistrate Judge US District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

> The Court is in receipt of the letter motion filed by Defendants Knockout Renovation Svcs, Inc. ("Knockout") and Keith Steier ("Mr. Steier") to (i) vacate the certificate of default as to Knockout, (Dkt. No. 82); (ii) extend discovery deadlines; and (iii) adjourn the telephone conference to discuss the status of discovery previously scheduled for March 26, 2026 at 2:15 p.m. ET (Dkt. No. 65 (the "Conference")). (Dkt. No. 85 (the "Motion")).  On or before **March 31, 2026**, Plaintiff shall file a response to the Motion.  In the meantime, the Conference is **ADJOURNED** to **April 13, 2026 at 11:30 a.m. ET** on the Court's conference line.  The parties are directed to call (855) 244-8681; access code: 2308 226 4654, at the scheduled time.
>
> SO ORDERED.    March 24, 2026
>
> SARAH L. CAVE
> United States Magistrate Judge

**Wanchai Mann v. Knockout Renovation Svcs., Inc. et anon**
**Civil Case No. 1:25-01076-RA-SLC**

### LETTER MOTION TO VACATE THE CERTIFICATE OF DEFAULT, EXTEND TIME TO COMPLETE DISCOVERY, and ADJOURN CONFERENCE

To the Court:

This office represents Defendants Knockout Renovation Svcs., Inc. and Keith Stieir in the above-captioned action filed by Plaintiff for claims under the FLSA and related NY State wage and hour claims. As the Court is aware, the undersigned began representing the Defendants on March 17, 2026 (See Dkt Nos. 83 & 84) after Defendants' previous counsel withdrew upon disbarment (See Dkt. No 69).

In accordance with the Court's Practices in Civil Cases III "Motions Other Than Discovery Motions"., Defendants believe that the motion to vacate the certificate of default would be served by an "informal conference" that "may obviate the need for the motion or reduce the issues in dispute."

Additionally, counsel emailed Plaintiff's counsel for consent to the other motions in this letter, at the start of business March 23, 2026 (see time below). However, as counsel is coming into this action fairly late, prudence dictated filing these motions.

Motion to Vacate the Certificate of Default against Knockout Renovation Svcs.,Inc.

The Court is advised that counsel requested by email on March 17, 2026, the Plaintiff's consent to have the certificate of default vacated on consent. Plaintiff's counsel indicated that Plaintiff would not consent to the same.

On March 16, 2026, the Court issued an order that the Plaintiff should seek a certificate of default against Defendant Knockout Renovation Svscs., Inc. by March 30, 2026. See Dkt No. 79. After the withdrawal of Mr. Johnson, the Court had previously given the Defendants until March 13, 2026 to appear by counsel or file a letter regarding the same. See Dkt. 74).

A Court may "set aside an entry of default for good cause." FCRP § 55(c). In order for the Court to determine whether good cause has been shown, a court must consider three criteria: "(1) the willfulness of default , (2) the existence of any meritorious defenses, and (3) prejudice to the non-

# The Meyers Law Firm

defaulting party." <u>Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Constr., LLC.</u>, 779 F.3d 182, 186 (2d Cir. 2015) (citations omitted). "Other relevant equitable factors may also be considered, for instance, whether the failure to follow a rule of procedure was a mistake made in good faith and whether the entry of default would bring about a harsh or unfair result." <u>Enron Oil Corp. v. Diakuhara</u>, 10 F.3d 90, 96 (2d Cir . 1993).

Such that a certificate of default may be considered a judgment, Defendant also moves under FRCP 60, which states in relevant part, under subsection (b), that on "motion and just terms the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect. . . ." Rule 60 further requires that such motion shall be made "for reasons  (1), (2), and (3) no more than a year after the entry of the judgment. . . ."

The file is quite large with over 6000 documents and a long history that predates my late entrance.  I need a few weeks to catch up and be able to move forward with the representation. From a practical and practice standpoint, this upcoming week is a particularly busy week, appearance-wise as we have the Spring Holiday season approaching and the courts are even busier than usual. After that my calendar slows down and I will have an opportunity to devote a larger amount of time to the matter.

<u>Motion to Extend Discovery</u>

Pursuant to Rule I.D. of Your Honor's Individual Practices in Civil Cases, Fed. R. Civ. P. 16(b)(4), and Fed. R. Civ. P. 6(b)(1)(A), counsel for Defendants, Knockout Renovation Svcs., Inc., et al., respectfully request a brief extension of the deadlines to complete fact and expert discovery.

The parties request that the Court extend the current discovery completion deadline from the previous deadline of February 27, 2026 to May 5, 2026. Fed. R. Civ. P. 16(b)(4) (providing that a schedule order "may be modified for good cause and with the judge's consent"); Fed. R. Civ. P. 6(b)(1)(A) (permitting the court, for good cause, to extend a deadline before the original time expires); <u>Alexander v. Saul</u>, 5 F.4th 139, 150 (2d Cir. 2021) (explaining that under Federal Rule of Civil Procedure 6(b)(1), courts have "wide discretion" and that the "good cause" standard for a timely-filed motion is a "non-rigorous standard" that will normally be granted absent bad faith or prejudice); <u>Soroof Trading Dev. Co., Ltd. v. GE Microgen, Inc.</u>, 283 F.R.D. 142, 147 (S.D.N.Y. 2012) (defining the good cause standard as a showing that "despite its having exercised diligence, the applicable deadline could not have been reasonably met").

I. **Original Due Date:** The current deadline to complete discovery and for the case is April 27, 2026.

II. **Number of Previous Requests:** This is the third request to extend discovery and first request by new counsel.

III. **Disposition of Previous Requests:** Granted.

IV. **Reason for Request:**

# The Meyers Law Firm

Defendants refer the Court to the arguments made in support of the motion to vacate above. Additionally, as counsel has just assumed representation this request is made in order that the case file, which includes over 6000 pages of discovery between the parties, and properly prepare for the number of remaining depositions which must be completed in short order.

The depositions of non-party witnesses Christopher Gofortha and Hanne Paine, as set by subpoena noticed and served by Defendants remain to be completed.

The Plaintiff's and Defendant's depositions are noticed but remain outstanding, as well as the Plaintiff's depositions of Defendants' employees.

Additionally, the Plaintiff has raised a number of remaining discovery disputes in his previous premotion conference letters.

V.   **Adversary's Consent:** Requested on March 23, 2026 at 9:30am, with no response as of the filing of this letter motion.

Notably, the scheduling order set the following deadlines:

|  | Current Deadlines | Proposed Deadlines |
|---|---|---|
| Completion of Depositions | April 17, 2026 | May 5, 2026 |
| Completion of Expert Discovery | April 17, 2026 | May 5, 2026 |
| Trial Ready | April 27, 2026 | June 5, 2026 |

<u>Motion to Adjourn the Conference</u>

Defendant also requests that the current conference that is scheduled for in-person on March 26, 2026 at 2:15 pm be adjourned. This is counsel's first time making this request. The reason for the is that the undersigned is 'actually engaged' for two previously scheduled court appearances in New York County at 9:30 am and 2:00 pm. The undersigned emailed counsel, along with the request to extend discovery, on March 23, 2026, at 9:10am. There has been no response from Plaintiff as of the filing of this letter motion.

Counsel is available on the following dates and times for the conference, March 30 and 31st in the afternoon, April 9 in the morning and April 10 afternoon.

Respectfully submitted,

Glenn R. Meyers, Esq.

The Meyers Law Firm

CC VIA EMAIL / ECF
Fausto Ernesto Zapata, Jr.
Attorneys for Plaintiff