UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WANCHAI MANN,

Plaintiff,

v.

KEITH STEIER and KNOCKOUT RENOVATION
SERVICES, INC.,

Defendants.

CIVIL ACTION NO.: 25 Civ. 1076 (RA) (SLC)

**OPINION & ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

## I.INTRODUCTION

Before the Court in this action arising under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"), is the motion of Defendant Keith Steier ("Mr. Steier") and Knockout Renovation Services, Inc. ("Knockout," and together, "Defendants") to (i) vacate the certificate of default entered against Knockout on March 16, 2026 (Dkt. No. 82 (the "Knockout CoD")), and (ii) extend discovery deadlines.  (Dkt. No. 85 (the "Motion")).  Plaintiff Wanchai Mann ("Mr. Mann") opposes the Motion.  (Dkt. No. 87).  For the reasons set forth below, the Motion is **GRANTED**.

## II.BACKGROUND

### A.  Factual Background[1]

In June 2022, Defendants, who operate a New York City-based remodeling firm, hired Mr. Mann to work as a home, bath, and kitchen design architect.  (Dkt. No. 1 ¶¶ 1, 38 (the "Complaint")).  During Mr. Mann's employment, Defendants routinely paid him a salary below the federal minimum wage rate and did not pay him overtime for hours he worked over 40 in a workweek.  (Id. ¶¶ 3, 54–55).  Some of the paychecks Defendants issued to Mr. Mann were

---

[1] The facts set forth below are derived from the Complaint, (Dkt. No. 1), and do not constitute findings of fact by this Court.

1

rejected for insufficient funds.  (Id. ¶ 5).  Defendants also expected Mr. Mann "to use his own resources to perform work-related duties."  (Id. ¶¶ 4, 51–53).  The pay statements that Defendants issued to Mr. Mann did not identify the pay period and the number of hours he had worked.  (Id. ¶¶ 56–57).

### B.  **Procedural Background**

On February 6, 2025, Mr. Mann filed the Complaint, in which he asserts claims for unpaid minimum and overtime wages and related relief under the FLSA and New York Labor Law §§ 650 et seq.  (Dkt. No. 1 ¶¶ 65–157).  After Defendants failed to timely respond to the Complaint, on May 23, 2025, the Clerk of the Court entered certificates of default against them.  (Dkt. Nos. 27–28 (the "First CoDs")).  On June 4, 2025, after Defendants filed — albeit late — an answer to the Complaint, the parties stipulated to vacatur of the First CoDs.  (Dkt. Nos. 30 (the "Answer"); 31; 32).  In the Answer, Defendants dispute Mr. Mann's allegations and advance 17 affirmative defenses, including failure to state a claim, untimeliness, waiver, the payment doctrine, acquiescence, and unclean hands.  (Dkt. No. 30).

On July 22, 2025, the Court conducted an initial case management conference and entered a case management plan setting a fact discovery deadline of January 19, 2026, which was later extended to February 27, 2026, and extended again to April 17, 2026.  (Dkt. Nos. 36 (the "CMP"); minute entry dated July 22, 2025; 63; 65).  Over the next few months, Mr. Mann filed letters advising the Court of Defendants' discovery shortcomings, about which the Court held several discovery conferences.  (Dkt. Nos. 38; 40; 44; 51; 53; minute entries dated Sept. 29, 2025, Oct. 30, 2025, Nov. 24, 2025).  On February 6, 2026, the Court held an in-person discovery conference — which had been rescheduled at Defendants' request — at which Defendants failed

to appear, apparently due to a calendaring error by Defendants' then-counsel, Kevin Johnson, Esq.  (Dkt. Nos. 61–65; 67; minute entry dated Feb. 6, 2026).

On February 18, 2026, Mr. Johnson filed a notice of withdrawal from his representation of Defendants.  (Dkt. No. 69).  The next day, Mr. Mann filed a request for a conference to discuss his anticipated motion to strike Knockout's answer and move for default against Knockout, which the Court denied without prejudice pending the appearance of new counsel for Defendants.  (Dkt. Nos. 70–71).  Despite a sua sponte extension, new counsel for Knockout failed to timely appear and Mr. Steier failed to timely inform the Court whether he had obtained new counsel or would proceed pro se, so the Court ordered Mr. Mann to request a certificate of default against Knockout and deemed Mr. Steier to be proceeding pro se.  (Dkt. Nos. 71; 74; 76; 79).  On March 16, 2026, the Clerk of the Court entered the Knockout CoD.  (Dkt. No. 82).  The next day, March 17, 2026, new counsel, Glenn Meyers, Esq., entered an appearance for Defendants.  (Dkt. Nos. 83–84).

On March 24, 2026, Defendants filed the Motion, in which they ask the Court to vacate the Knockout CoD and extend the fact and expert discovery deadlines to May 5, 2026 and trial-ready deadline to June 5, 2026.  (Dkt. No. 85).  In the Motion, Defendants note that neither document discovery nor party and non-party depositions are complete, and that Mr. Mann has raised "a number" of discovery disputes.  (Id. at 3).  Defendants argue that good cause exists under Federal Rule of Civil Procedure 55 to vacate the Knockout CoD based on Mr. Meyers' recent appearance in the action, the number of documents he needs to review (approximately 6,000),

3

and his personal and professional commitments.  (Id. at 2).[2]  Mr. Mann opposes the Motion on the grounds that Knockout has not advanced a meritorious defense and has been willfully non-compliant with its obligations in this action, and that Mr. Mann has been prejudiced. (Dkt. No. 87).

On April 13, 2026, the Court held a conference with the parties to discuss the Motion. (Dkt. Nos. 86; minute entry dated Apr. 13, 2026 (the "Conference")).[3]  Mr. Meyers argued that he is getting up to speed on the file but is reviewing and preparing to produce documents — subject to input from Mr. Mann's counsel about perceived deficiencies — and to prepare his clients to sit for their depositions.  Mr. Meyers also indicated that Defendants' prior counsel not only withdrew but is no longer permitted to practice law.  (See Dkt. No. 69).  Given these representations, the Court suggested that the parties enter into a stipulation to vacate the Knockout CoD, but Mr. Mann's counsel was not receptive and instead argued that Knockout has failed to advance a meritorious defense and has willfully failed to fulfill its discovery obligations in this action.

### III. DISCUSSION

#### A.  Legal Standard

Federal Rule of Civil Procedure 55(a) requires the Clerk of the Court to "enter[] . . . default" as to a party "against whom a judgment for affirmative relief is sought" and who "has failed to

---

[2] In the alternative, Defendants invoke Federal Rule of Civil Procedure 60, which sets forth the grounds for vacating entry of judgment. (Dkt. No. 85 at 2 (quoting Fed. R. Civ. P. 60)).  Because the Court has not entered judgment against Knockout, Rule 60 is inapposite.

[3] Despite the Court's Order directing the parties to order the Conference transcript by April 14, 2026, (Dkt. No. 88), and the Court's sua sponte extension of that deadline to April 16, 2026, (Dkt. No. 89), the parties have not ordered the Conference transcript.  (Dkt. Nos. 88–89).  Accordingly, this Opinion and Order is being issued without the benefit of the Conference transcript.

plead or otherwise defend[.]" Fed. R. Civ. P. 55(a). After default has been entered, the Court "may set aside an entry of default for good cause[.]" Fed. R. Civ. P. 55(c).[4] "Where, as here, a Certificate of Default has been entered by the Clerk of the Court, but no default judgment has yet been entered, the Court decides a motion to vacate the entry of default pursuant to Rule 55(c), which is more lenient than the standard to set aside a default judgment under Rule 60(b)." Heidi & Hans-Jurgen Koch GBR v. Blue Label Sols. LLC, No. 21 Civ. 2937 (LAK) (KHP), 2021 WL 5647793, at *1 (S.D.N.Y. Dec. 1, 2021).[5]

To determine whether good cause exists to vacate a certificate of default, courts consider the following factors: (1) "the willfulness of the default"; (2) "the existence of a meritorious defense"; and (3) "the level of prejudice that the non-defaulting party may suffer should relief be granted." Pecarsky v. Galaxiworld.com Ltd., 249 F.3d 167, 171 (2d Cir. 2001). The Second Circuit has expressed its disfavor for default judgments and "clear preference [] for cases to be adjudicated on the merits." Id. at 174. "The determination [] whether to set aside a default is left to the sound discretion of the judge, the person [who is] most familiar with the circumstances of the given case and . . . in the best position to evaluate the good faith and credibility of the parties." Sea Hope Navigation Inc. v. Novel Commodities SA, 978 F. Supp. 2d 333, 337 (S.D.N.Y. 2013).

---

[4] The undersigned may resolve the Motion under the authority granted by 28 U.S.C. § 636(b)(1)(A). See Johnson v. N.Y. Univ., 324 F.R.D. 65, 67 n.2 (S.D.N.Y. 2018) ("A motion to set aside an entry of default is subject to disposition by a magistrate judge under 28 U.S.C. § 636(b)(1)(A)."), aff'd, 800 F. App'x 18 (2d Cir. 2020).

[5] Internal citations and quotation marks are omitted from case citations unless otherwise indicated.

B. **Application**

Considering the factors set forth above, we find that Defendants have shown good cause to vacate the Knockout CoD.

First, we conclude that Knockout's default was not "willful" under the relevant standard. A court may find that a default was willful where "there is evidence of bad faith" or the default arose from "egregious or deliberate conduct." Holland v. James, No. 05 Civ. 5346 (KMW) (KNF), 2008 WL 3884354, at *2 (S.D.N.Y. Aug. 21, 2008). "[B]ecause defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." Id.; see Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993). Here, Defendants' new counsel, Mr. Meyers, entered an appearance just one day after the Knockout CoD was entered, and within a week thereafter, filed the Motion. (Dkt. Nos. 82–85). During the Conference, Mr. Meyers explained that Defendants do not have extensive resources and suggested that Defendants' prior counsel may have been less than diligent in informing Defendants about their discovery obligations, for which he asked that they not be penalized. Furthermore, Mr. Meyers represented that he is actively reviewing Defendants' documents to address any remaining perceived deficiencies and will prepare Defendants for their depositions. (Id.) "Resolving[,]" as we must, "any doubts in favor of" Knockout, we find that its conduct was not willful. Heidi & Hans-Jurgen, 2021 WL 5647793, at *2.

As to the second factor, Defendants have interposed many defenses in their Answer (Dkt. No. 30), and given that their new counsel has only recently been engaged and begun

reviewing thousands of possibly relevant documents, we are not surprised that Knockout "has yet to show a meritorious defense exists[.]"  Heidi & Hans-Jurgen, 2021 WL 5647793, at *2.

As to the third factor, while we sympathize with Mr. Mann's frustration at the lack of progress in fact discovery, we also find that any prejudice from vacating the Knockout CoD will be minimal.  The Court had denied Mr. Mann's request to file a motion for default judgment while the time for Defendants to find new counsel was pending, so Mr. Mann did not incur unnecessary motion costs.  (Dkt. Nos. 71; 76).  As noted above, Defendants' new counsel appeared only a day after the Knockout CoD was entered and has proposed a discovery extension of only a few weeks.  (Dkt. Nos. 83–85).  The number of conferences the Court has already conducted should give Mr. Mann some reassurance that the Court will remain actively involved in pushing the parties toward completion of fact discovery.  (Dkt. Nos. 38; 40; 44; 51; 53; minute entries dated July 22, 2025, Sept. 29, 2025, Oct. 30, 2025, Nov. 24, 2025, and Feb. 6, 2026).  Accordingly, any delay in resolving this action, which has been pending for just over a year, is only "slight" and therefore "insufficient for a finding of prejudice."  Heidi & Hans-Jurgen, 2021 WL 5647793, at *2.

### IV. CONCLUSION

For the reasons set forth above, Defendants' Motion is **GRANTED** and the Knockout CoD (Dkt. No. 82) is **VACATED**.  To the extent that Mr. Mann sought additional time to file a motion for default judgment against Knockout at the Conference, (see Dkt. No. 88), that request is **DENIED AS MOOT**.

By **May 1, 2026**, the parties shall meet and confer regarding remaining document discovery and deposition scheduling and submit a proposed revised schedule for completion of

7

fact (and, if necessary expert) discovery.  An **in-person** discovery status conference is scheduled for **May 19, 2026 at 11:00 a.m. ET** in Courtroom 18A, 500 Pearl Street, New York, New York, 10007.  Any participant requesting permission to bring an electronic device (e.g., cellphone, laptop, tablet) into the Courthouse for use at the May 19, 2026 conference must email to Chambers (Cave_NYSDChambers@nysd.uscourts.gov) a completed Electronic Device Order on or before **May 12, 2026**.  The Electronic Device Order form is available on the Court's website at https://nysd.uscourts.gov/forms/fillable-form-electronic-devices-general-purpose.

Dated:      New York, New York
            April 17, 2026

                              SO ORDERED.

                              SARAH L. CAVE
                              United States Magistrate Judge

8