UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WANCHAI MANN,<br>Plaintiff,<br>v.<br>KNOCKOUT RENOVATIONS SVS., INC., et al.,<br>Defendants. | 25-CV-1076 (RA)<br><br>ORDER |

RONNIE ABRAMS, United States District Judge:

On August 6, 2026, the parties advised Magistrate Judge Cave that they had reached a settlement in principle. *See* Dkt. 107. Judge Cave thus ordered them to submit a motion consistent with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (the "Cheeks Motion") by September 8, 2026. *See id.* She further directed the parties to complete the form consenting to proceed before her, if they so wished, available at: https://nysd.uscourts.gov/sites/default/files/practice_documents/AO%20085A%20Consent%20to%20Proceed%20Before%20a%20US%20Magistrate%20Over%20a%20Specific%20Motion_5.pdf, and to file the completed form, bearing the signatures of counsel for Plaintiff and Defendants, for the attention and signature of the Court. If the parties still seek for Judge Cave to review the fairness of their settlement, they shall complete and submit the form by October 9, 2026.

If not, no later than October 9, 2026, the parties shall submit to this Court a joint letter setting forth their views as to why their settlement is fair and reasonable and should be approved, accompanied by all necessary supporting materials, including contemporaneous billing records for the attorney's fees and costs provided for in the settlement agreement. In light of the presumption of public access attaching to "judicial documents," *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006), the parties are advised that materials on which the Court relies in making its fairness determination will be placed on the public docket, *see Wolinsky v. Scholastic*

*Inc.*, No. 11-CV-5917, 2012 WL 2700381, at *3–7 (S.D.N.Y. July 5, 2012). The parties are advised, however, that the Court will not approve of settlement agreements in which:

(a) Plaintiffs "waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues," *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (internal quotation marks omitted); and

(b) Plaintiffs are "bar[red] from making any negative statement about the defendants," unless the settlement agreement "include[s] a carve-out for truthful statements about [P]laintiffs' experience litigating their case," *Lazaro-Garcia v. Sengupta Food Servs.*, No. 15 Civ. 4259, 2015 WL 9162701, at *3 (S.D.N.Y. Dec. 15, 2015) (internal quotation marks omitted).

SO ORDERED.

Dated: October 2, 2026
New York, New York

Ronnie Abrams
United States District Judge